**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

MARIYA KOLODIY,

    Plaintiff,

    v.                                                                     Case No. 11-C-239

UNITED STATES OF AMERICA,[1]

    Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I. PROCEDURAL BACKGROUND**

On February 14, 2011, the plaintiff, Mariya Kolodiy ("Kolodiy"), filed a small claims action against the United States Postal Service ("USPS") in the Milwaukee County Circuit Court. The complaint alleges that the USPS failed to deliver an item she purchased, thereby causing her to suffer a financial loss of $98.99. The United States filed a Notice of Removal, and the action was removed to the United States District Court for the Eastern District of Wisconsin on March 4, 2011, pursuant to 28

---

[1] The defendant's motion to amend the caption and dismiss the United States Postal Service ("USPS") as a defendant from this action will be granted. First, Title 28 U.S.C. § 2679(a) provides that the "authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title [28 USCS § 1346(b)]." Second, Title 28 U.S.C. § 2679(d)(1) provides as follows: "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."

    Because Federal Tort Claims Act provisions "apply to tort claims arising out of activities of the Postal Service," 39 U.S.C. § 409, and because Kolodiy has alleged that the mail carrier "was not following his direct job responsibilities" when he signed the registered mail receipt himself or permitted someone not from her household to sign the receipt, the United States shall be substituted as the party defendant. Accordingly, it will be ordered that the USPS be dismissed as a defendant and that the caption shall be amended to reflect the United States of America as the sole defendant.

U.S.C. §§ 1441(a) and 1442(a)(1). Removal was predicated on the grounds that the action is governed by 39 U.S.C. § 409(a), which provides that district courts shall have original jurisdiction over all actions brought against the Postal Service. All parties have consented to the exercise of jurisdiction by a magistrate judge. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b)(1).

On April 29, 2011, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The defendant moves to dismiss Kolodiy's complaint on the following bases: (1) Kolodiy failed to exhaust her administrative remedies, (2) Kolodiy's negligent transmission claim is not actionable under the Federal Tort Claims Act ("FTCA"), and (3) Kolodiy's intentional tort claim is barred by sovereign immunity.

On May 23, 2011, Kolodiy filed a letter as well as various exhibits, which the court will construe as Kolodiy's response to the defendant's motion to dismiss. Upon the defendant's filing a letter indicating that it was not filing a reply, the defendant's motion to dismiss is now ready for resolution. For the reasons that follow, the defendant's motion to dismiss will be granted.

## II. FACTUAL BACKGROUND

On November 17, 2010, Kolodiy purchased a ski jacket and pants on eBay from a seller located in China. (Compl. at 1.) Kolodiy maintains that she was to receive the jacket through registered mail on or before December 25, 2011. (Compl. at 1-2.) After Kolodiy failed to receive the jacket and pants, she filed a claim with PayPal. (Compl. at 1.) However, PayPal informed Kolodiy that the order was delivered by the USPS on November 30, 2010. (*Id.*) After checking the tracking number for the package, Kolodiy discovered that, indeed, it was delivered on November 30, 2010 at 2:56 p.m. (Compl. at 2.) Because her package was shipped with registered mail, she went to her local post office to see the signature of whoever signed for it. (*Id.*) Kolodiy was "shocked when [she] saw that somebody used

2

[her] name and signed instead of [her]. (*Id.*) According to Kolodiy, the signature was not her own, "it was not possible for [her] to be physically present at [her] apartment because [she] worked from 8 a.m. to 5 p.m., and nobody from the household was at home at the above-referenced time and date." (*Id.*) Kolodiy contends that she "tried hard to settle it with USPS without court intervention, however, after about three (3) weeks, [she] was told by the USPS inspector that [she] cannot even initiate a claim with them . . . ." (*Id.*)

Kolodiy alleges the following in her complaint: "[i]t is not clear if the mail carrier signed it by himself or gave somebody else to sign (not from my household), either way he was not following his direct job responsibilities." (*Id.*) She seeks to recover the cost of her order plus shipping and handling, which equals $98.99. (Compl. at 1-2.)

### III. DISCUSSION

The United States is sovereign and immune from being sued without its consent. *See Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and is strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Therefore, the terms of the United States's consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congress has waived the Government's sovereign immunity in enacting the FTCA by providing an exclusive remedy for certain torts of federal employees acting within the scope of their employment. 28 U.S.C. §§ 2671 et seq. *See also United States v. Orleans*, 425 U.S. 807, 813 (1976). Specifically, under the FTCA, the United States is responsible for the tortious conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674. However, the FTCA requires the exhaustion of administrative remedies prior to suing the federal

3

government in tort. 28 U.S.C. § 2675(a); *see also Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1135 (7th Cir. 2001); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Specifically, the exhaustion requirement reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The exhaustion requirement has been strictly applied, meaning that it is not enough for a plaintiff to file an administrative claim soon after beginning her lawsuit. *McNeil v. United States*, 508 U.S. 106, 111-12 (1993).

Whether the exhaustion requirement is jurisidictional in nature is not quite so clear. Although the Seventh Circuit has held that a failure to exhaust administrative remedies deprives the district court of subject matter jurisdiction over the claim, *see Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000), its more recent discussions seem to indicate that the failure to exhaust is probably not a jurisdictional matter, but rather a precondition to the plaintiff's statutory right to relief, *see Frey*, 270 F.3d at 1135. The *Frey* court noted in dicta that it "might be appropriate to revisit the jurisdictional language in decisions such as *Garcia*," because it was "not so sure" that the holding that failure to exhaust results in a deprivation of subject matter jurisdiction "is technically correct." *Id.* Since *Frey*, courts have analyzed a failure to exhaust as a failure to comply with the elements of a federal statute, thereby addressing exhaustion under Fed. R. Civ. P. 12(b)(6), not 12(b)(1). *See Prewitt v. United States*, No. 10 C 102, 2010 U.S. Dist. LEXIS 80737, at *3-4 (N.D. Ill. Aug. 9, 2010) (dismissing plaintiff's complaint for failing to "suggest a plausible right to relief" when her complaint made no reference to presenting her claim to the SSA); *Feistel v. United States Postal Service*, No. 08-C-75, 2008 U.S. Dist.

4

LEXIS 121259, at *3-4 (E.D. Wis. May 12, 2008) (taking judicial notice of exhaustion defects and dismissing plaintiffs' claim under Rule 12(b)(6)); *Repa v. Roadway Express, Inc.*, No. 03-C-1071, 2005 U.S. Dist. LEXIS 44766, at *2 n.1 (E.D. Wis. Sept. 16, 2005) ("when an individual fails to comply with the elements of a federal statute, the individual 'will not prevail, but the court's power to adjudicate the case is clear, and dismissal should be predicated on Federal Rule of Civil Procedure 12(b)(6), not on 12(b)(1)'" (quoting *Frey*, 270 F.3d at 1132)).

Because I am not persuaded that exhaustion is necessarily a jurisdictional matter, I will address the government's motion to dismiss Kolodiy's complaint for failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(6). A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. A plaintiff's complaint only needs to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is also sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A plaintiff's complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff must "'nudge[] his claims' . . . 'across the line from conceivable to plausible.'" *Iqbal*, ___ U.S. ___, 129 S. Ct. at 1950-51.

5

Here, although Kolodiy indicates in her complaint that the USPS inspector told her that she could not initiate a claim with the USPS, Kolodiy's complaint is silent on exhaustion. Generally, if a court must look outside the pleadings to rule on a 12(b)(6) motion, it is necessary to convert the motion to dismiss into a summary judgment motion under Fed. R. Civ. P. 12(d). However, I may take judicial notice of the fact that a plaintiff has failed to exhaust her administrative remedies. *See Feistel*, No. 08-C-75, 2008 U.S. Dist. LEXIS 121259, at *4 (E.D. Wis. May 12, 2008) (taking judicial notice of the plaintiffs' failure to timely exhaust); *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (stating that "in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record").

The United States, by way of the declaration of Linda Crump, the Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, asserts that there is no record of Kolodiy having filed an administrative tort claim with the agency. Thus, despite any clear indication in the pleadings of whether Kolodiy exhausted her administrative remedies before filing the instant case, her failure to do so is captured within the agency's records. Such records are reliable, and in this case, uncontested. Therefore, I take judicial notice of Kolodiy's failure to exhaust.

Moreover, the FTCA provides that a claimant shall not initiate a court action unless the agency presented with her claim has finally denied it. If an agency fails to make a final disposition of the claim within six months after it is filed, the claim will be deemed finally denied. 28 U.S.C. § 2675(a). Kolodiy asserts that she contacted the USPS sometime in December 2010. However, this action was removed from the Milwaukee County Circuit Court in March 2011. Therefore, even if Kolodiy first presented her claim to the appropriate federal agency, dismissal would still be appropriate because she filed the instant action well before the six-month period for deeming a claim "finally denied." *See* 28 U.S.C. § 2675.

Accordingly, Kolodiy's claims will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to amend the caption and dismiss the United States Postal Service as a defendant be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 9th day of August 2011, at Milwaukee, Wisconsin.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[2] Based on Kolodiy's failure to exhaust, it is unnecessary to address the government's argument that the complaint must also be dismissed under the intentional tort exception to the FTCA, 28 U.S.C. § 2680(h), and under 28 U.S.C. § 2680(b), which bars claims that arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter."